IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| MANUEL BAEZ, | ) |
| | ) |
| Plaintiff | ) 1:20-CV-00148-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| C/O FROELICH, C/O ROSENBERG, SGT. WATTSON, LT. DUBE, LT. BEDNORO, MS. LUCAS, PSYCHIATRIST; PATRICIA THOMPSON, MAJOR OF MANAGEMENT; EARL JONES, DEPUTY; BRYAN E. FLINCHBAUGH, DEPUTY; M. CLARK, FACILITY MANAGER; AND DORINA VARNER, GRIEVANCE CHIEF, | ) MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ECF NO. 90 |
| Defendants | ) |

I.  Introduction

Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is pending before the Court. ECF No. 90. For the reasons explained below, the motion is GRANTED in part and DENIED in part. The motion is GRANTED as to all claims against Defendants Wattson, Dube, Lucas, and Clark, which claims are DISMISSED with prejudice. The motion is DENIED as to Plaintiff's Eighth Amendment claim against Defendant Froehlich for alleged deliberate indifference to his serious mental health needs and Plaintiff's Eighth Amendment claim against Defendant Bednoro based on his alleged use of excessive force. The motion is also GRANTED as to all other claims against Defendants Froehlich and Bednoro, which claims are DISMISSED with prejudice.

1

II.   Procedural History

Plaintiff Manuel Baez ("Baez") commenced this civil rights action pursuant to 42 U.S.C. § 1983 against eleven employees of the Pennsylvania Department of Corrections.[1] His Complaint asserted the following claims:

1. A First Amendment retaliation claim against Defendants Froehlich and Rosenberg;

2. An Eighth Amendment deliberate indifference to serious mental health needs claim against Defendant Froehlich based on his allegedly providing Baez with razors and encouraging him to commit suicide;

3. An Eighth Amendment excessive force claim against Defendant Bednoro based on his use of pepper spray against Baez on March 7, 2017;

4. An Eighth Amendment conditions of confinement claim against Defendants based on their alleged failure to decontaminate his cell after the use of pepper spray and against Froehlich based on his alleged denial of a mattress for Baez' bed;

5. A supervisory liability claim against Defendant Clark;

6. An unspecified claim against Defendant Vance based on his denial of Baez' grievance;

7. A First Amendment claim against Defendant Lucas based on his alleged opening of Baez' mail; and

8. Unspecified claims against Defendants Dube, Wattson, Thompson, Jones, and Flinchbaugh.

The Court granted the Defendants' motion to dismiss Baez' Complaint pursuant to Rule 12 (b)(6) as to all claims except Baez' Eighth Amendment deliberate indifference to serious mental health needs claim against Froehlich and his Eighth Amendment excessive force claim against Bednoro. *See* ECF Nos. 78, 79. Although the Court dismissed all of Baez' other claims, it concluded that he could potentially cure at least some of their deficiencies by additional factual

---

[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and it can exercise pendent jurisdiction over the state-law claims under 28 U.S.C. § 1337. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. *See* ECF Nos. 40, 55.

allegations and, therefore, granted Baez leave to file an amended complaint. *See* ECF No. 79, p. 2. Thereafter, Baez filed a declaration indicating he had decided to forego the filing of an amended complaint to "focus more on the two issues the Court favored on behalf of [his] civil rights claims." ECF No. 84. Based on Baez' declaration, the Court terminated all Defendants except Froehlich and Bednoro from this action. *See* ECF No. 85. The next day, however, Baez filed an Amended Complaint that asserted claims against six of the Defendants: Bednoro, Clark, Dube, Froelich, Lucas, and Wattson.[2] *See* ECF No. 86. Baez' conflicting filings prompted the Court to conduct a telephonic status conference to ascertain which claims Baez intended to pursue. During that conference, Baez indicated his desire to proceed with the claims asserted in his Amended Complaint. *See* ECF No. 88 (Minute Entry). Therefore, the Court entered an order vacating the terminations of Wattson, Dube, Lucas, and Clark as Defendants and clarifying the remaining claims. *See* ECF No. 89. Based on the filing of the Amended Complaint and the colloquy with Baez during the status conference, the Court dismissed his First Amendment retaliation claim against Froehlich and Rosenberg, his Eighth Amendment conditions of confinement claim based on cell decontamination against all Defendants and lack of a mattress against Froehlich, and his claims against Varner, all with prejudice.

The remaining Defendants have again moved to dismiss certain claims against them pursuant to Rule 12(b)(6). *See* ECF No. 90.

---

[2] The Amended Complaint did not assert claims against five defendants: C.O. Rosenberg, Patricia Thompson, Earl Jones, Bryan E. Flinchbaugh, and Dorina Varner. These individuals remain terminated as Defendants on the docket.

3

III.   Factual Allegations

Baez' Amended Complaint is long on legal conclusions and quotations from legal authority but short on factual allegations to support his claims. Baez alleges that he "became cool with" Froehlich while Baez was in the restricted housing unit at the State Correctional Institution at Albion. ECF No. 86, p. 1, ¶ 1. Froehlich permitted Baez to use a razor, despite Baez being placed on a "razor restriction." *Id.* Upon learning why Baez was incarcerated, Froehlich encouraged Baez to commit suicide. *Id.* On March 7, 2020, Baez was asked by Bednoro to "cuff up," but Baez refused. *Id.*, ¶ 2. Wattson was present but left the unit. *Id.* Bednoro returned and ordered another officer to spray Baez "four times" with pepper spray. *Id.* Baez "got his eyes flushed out" and then was returned to his cell. *Id.* His cell, however, had not been disinfected or cleaned after the discharge of pepper spray. *Id.* On March 8, 2020, Baez attempted suicide using the razors Froehlich provided. *Id.*, ¶ 1.

Baez then sought psychological help from Lucas. *Id.*, ¶ 3. Instead of helping him, however, Lucas "got mad and acted like a comple[te] interrogation officer." *Id.* Baez alleges that her interrogation tactics were designed to "counteract and cover up the mischievous misdeeds of her fellow employees." *Id.*

The Amended Complaint further alleges that Dube filed a false grievance response in which he "lied for C/O Froehlich and stated that c/o doesn't do razors on my unit." *Id.* Baez also contends that Clark falsified documents. *Id.* In support of liability of Lucas, Dube and Clark, Baez alleges that they "condon[ed] C/O Froehlich violations of prison policy and my constitutional rights." *Id.*

Baez' pleading also includes the following section headings: "Eighth Amendment Excessive Force Violation," "Conditions of Confinement," "Color of Federal Authority," "The

Complaint States A Claim Under the Fourteenth Amendment," and "Psychiatric & Disability Rights."[3] *Id.* pp. 7-10. These sections contain quotations and summations from legal authorities but do not state claims against the moving Defendants. In a section labeled "Liability," Baez pleads that "**Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006)** prison administrators such as defendant Clark and defendant Lucas are liable for deliberate indifference when they knowly [sic] fail to respond to inmates' request for help." *Id.*, p. 9 (emphasis in original). Baez next recites that "**Walker v. Godinez, 912 F. Supp., 307, 312-13 (N.D. Ill. 1993)** holding allegation that Lt. Dube, Ms. Lucas and Mr. Clark were told of staff misconduct and done nothing that itself supports a claim against them." *Id.* (emphasis in original). The Amended Complaint also includes conclusory allegations regarding the Defendants' violation of Baez' rights under the Fourteenth Amendment. *Id.*, p. 7-8.

Finally, Baez has attached numerous documents to his Amended Complaint, including this Court's prior order, a prison grievance record, and mental health records. *See generally*, ECF No. 86-1. The Amended Complaint includes no allegations from which the Court can discern the relevance of these exhibits, except that "any court of justice would agree that all defendants knew of the severe conditions plaintiff suffered from severe mental illness ... and had inflicted serious injury to himself." ECF No. 86, p. 10.

Based on Baez' allegations and headings, the Court construes the Amended Complaint as raising following claims:

1. An Eighth Amendment claim against Froehlich based on his allegedly providing razors to Baez and his alleged encouragement of Baez to commit suicide;

---

[3] The Amended Complaint also includes a section entitled "Statement of Facts," which does not contain any factual allegations. *See* ECF No. 86, p. 12. Instead, Baez lists citation to legal authority, asks for consideration as a *pro se* litigant, states that camera footage of his excessive force is "very important," and asks for various forms of relief. *Id.*

2. An Eighth Amendment excessive force claim against Wattson and Bednoro relating to the use of pepper spray;

3. An Eighth Amendment deliberate indifference claim against Lucas based on inadequate mental health treatment;

4. An Eighth Amendment claim against Dube and Clark relating to the falsification of grievance records;

5. An Eighth Amendment conditions of confinement claim;

6. A Fourteenth Amendment claim against all Defendants.

The viability of each claim is evaluated below.

IV. Standard of Decision

Defendants' motion to dismiss pursuant to Rule 12(b)(6) requires the Court again to apply the well-trod standard to evaluate the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v.*

6

*Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint. *See California Pub. Employee Ret Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Because Baez is representing himself, the allegations in the Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). But "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted). *See also Baez v. Mooney*, 2021 WL 816013, at *3 (W.D. Pa. Feb. 8, 2021), *report and recommendation adopted*, 2021 WL 808726 (W.D. Pa. Mar. 3, 2021).

V.   Discussion and Analysis

    A.   The Amended Complaint alleges facts sufficient to state an Eighth Amendment deliberate indifference claim against Froehlich and an Eighth Amendment excessive force claim against Bednoro.

The Court previously held that Baez' original complaint alleged facts sufficient to support a viable Eighth Amendment deliberate indifference claim against Froehlich and a viable Eighth Amendment excessive force claim against Bednoro. Baez' Amended Complaint reasserted these claims based on essentially the same facts he alleged in the original Complaint. *See* ECF No. 79, ¶ 3. The Defendants do not appear to move for their dismissal. As before, these claims will proceed.

    B.   The Amended Complaint fails to allege facts sufficient to state any claim against Wattson, Lucas, Clark, or Dube.

Although Baez' Amended Complaint has adequately restated his excessive force claim against Bednoro, it remains inadequate to do so against Wattson, Lucas, Clark, or Dube. Baez must "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan,* 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer,* 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal,* 556 U.S. at 677; *Oliver v. Beard,* 358 Fed. Appx. 297, 300 (3d Cir. 2009). Absent factual allegations supporting such personal involvement, dismissal is appropriate. *See, e.g., Mearin v. Swartz,* 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

The Amended Complaint makes passing reference to Wattson being outside of Baez' cell on the day of the pepper spray incident involving Bednoro. *Id.,* ¶ 2. Baez alleged that on

8

March 7, 2020, "Sgt. Wattson and Lt. Bednoro was [sic] standing at my door and told me to cuff up. I refused ... [and] they both leave the unit." *Id.* The Amended Complaint includes no other factual allegations against Wattson. As stated, it fails to support Wattson's personal involvement in any actionable conduct.

The Amended Complaint alleges that "Defendant Dube on the grievance [response] lied for c/o Froehlich" and stated "c/o doesn't do razors on my unit." ECF No. 86, p. 3, ¶ 3. Here, Baez again restates allegations he made in his original complaint. *See* ECF No. 8, p. 12, ¶ 12 (Defendant Dube lied when he stated that Froehlich "does not pass razors."). Baez now alleges that he has "legal documents to show that Lt. Dube falsified documents." ECF No. 86, p. 3, ¶ 3. Although the Amended Complaint offers no context for this claim, Baez appears to be arguing that Dube lied in stating that Froehlich did not work on this unit and did not pass-out razors. *See* ECF No. 95, p. 1 ("Lt. Dube falsified documents and said that c/o Froehlich does not work!").

Baez included a copy of Dube's response to his grievance as one of the attachments Baez filed as a supplement to his Amended Complaint. The response included Dube's statement that "CO Froehlich is not assigned as the CO that does razors on B-pod." ECF No. 86-1, p. 3. Baez' claim that Dube is lying is apparently based on another document—a misconduct report filed by Froehlich against another inmate (Holmes) in April of 2020, in which Froehlich reprimands an inmate for failing to return a razor. *Id.*, p. 2. Dube was listed as a witness to this misconduct. *Id.*

As a threshold legal matter, the Court has not located any authority for an independent cause of action based on a corrections officer's lying in a response to an inmate grievance. As a factual matter, the misconduct report is insufficient to show that Dube was lying, let alone conspired with Froehlich to deprive Baez of his constitutional rights. The misconduct report

upon which Baez relied relates to a misconduct that took place several weeks after the alleged incident between Baez and Froehlich. Also, the misconduct report states that Froehlich was "picking up razors," not handing them out. Thus, these documents do nothing to advance Baez' claim against Dube. Baez has failed to allege Dube's involvement in any actionable conduct.

As to Lucas, the Amended Complaint alleges that after the razor blade and pepper spray incidents,

> [Baez] tried to seek help from the (P.S.S.) my <u>unit psychiatrist Ms. Lucas</u> and instead of help she got mad and acted like a compel (sic) interrogation officer, with no intentions of psychological treatment, not even to let me vent, her interrogation tactics was to counteract and cover up the mischievous misdeeds of her fellow employees.

*Id.*, ¶ 3 (emphasis in original).

This allegation is essentially the same as Baez alleged against Lucas in his original Complaint. *See* ECF No. 8, p. 23, ¶ 7 ("Defendant Lucas … ignored me asking for help and other things like failure to interven[e]"). Like his original Complaint, Baez' Amended Complaint does not plead facts to support a plausible inference that Lucas was personally involved in any actionable conduct. *See* ECF No. 78, p. 18. The Amended Complaint merely supports that Lucas met and spoke with Baez after the incidents involving Froehlich and Bednoro and was dissatisfied with her response. Although the Amended Complaint alleges that Lucas' "interrogation tactics" amounted to a "cover up" of the actions of her fellow employees (presumably Froehlich and Bednoro), he alleges no facts to support a finding that she engaged in the conduct alleged against Froehlich or Bednoro or took any action to conceal such conduct. *See* EFC No. 86, p. 3., ¶ 3. Baez' dissatisfaction with the substance or tone of Lucas's questions after the fact does not translate to Lucas' personal involvement in wrongdoing. *See, e.g., Benson v. Wetzel*, 2019 WL 2393799, at *4 (W.D. Pa. June 6, 2019) ("each defendant must have

played an 'affirmative part' in the complained-of misconduct.") (citation omitted). In sum, nothing in the Amended Complaint supports a plausible inference that Lucas engaged in a conspiracy with others, a cover up of the misconduct of others, or any other actionable conduct.[4]

As to Clark, the Amended Complaint asserts that he is liable for "condoning c/o Froehlich [sic] violations of prison policy and my constitutional rights." *Id.* The Amended Complaint includes no factual allegations against Clark. Without more, this conclusory allegation cannot form the basis for personal involvement in Froehlich's alleged misconduct. *See Ivy v. Wetzel*, 2021 WL 5240227, at *3 (W.D. Pa. Nov. 10, 2021) (conclusory allegations are insufficient to allege personal involvement).

The Amended Complaint makes passing reference to Clark falsifying documents, although it does not identify the documents at issue. *See* ECF No 86, p. 3, ¶ 3. The only document authored by Clark in the numerous records Baez attached to his Amended Complaint is Clark's response to Baez' final appeal of his grievance. ECF No. 86-1, p. 9. There, Clark wrote that he "concurs with the Grievance Officer's rationale for denying your grievance." *Id.* Baez does not explain how Clark falsified this document other than Baez' handwritten notation that "camera footage proves defendant Mr. Clark's deliberate indifference." *Id.* In any event, a defendant's "after-the-fact participation in reviewing grievances or appeals [is] generally an insufficient basis to establish 'personal knowledge' for purposes of § 1983." *Rosa-Diaz v. Dow*, 683 Fed. Appx. 103, 107 (3d Cir. 2017). Because the only "personal knowledge" Baez attributes

---

[4] Under the subheading "Psychiatric & Disability Rights" Baez pleads: "SCI-Albion is not only a prison, its labeled a mental health institution therefore training sessions is offered to all facility staff and correctional officers to support suicide prevention efforts.... All staff members are supposed to complete suicide identification and prevention training as part of their job orientation pre-policy." ECF No. 86, p. 11. To the extent Baez is attempting to assert "a failure to train claim," these allegations are inadequate to do so. Baez does not attribute any failure to train to Lucas or any other defendant or allege any of the factual predicates necessary to support such a claim. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

to Clark is his role in reviewing Baez' grievance appeal, the Amended Complaint does not support a claim against him.

Despite being given ample opportunity to amend his pleading to allege facts to support a claim against Wattson, Dube, Lucas, and Clark, Baez has failed to do so. Therefore, the Court concludes that further amendment regarding any claim against these Defendants would be futile. All such claims are dismissed with prejudice.

    C.    The Amended Complaint does not support an Eighth Amendment conditions of confinement claim against any Defendant.

The Amended Complaint includes a discussion of the legal standards applicable to a conditions of confinement claim. *See* ECF No. 86, p. 6. Baez cites case law from the Second Circuit, the Western District of New York, and the District of Arizona relating to cases of prolonged confinement in isolation. *Id.* But Baez fails to connect these legal standards to the actions of any Defendant. Thus, to the extent Baez purports to raise a conditions of confinement claim, it fails as a matter of law and is dismissed with prejudice.

    D.    The Amended Complaint does not support a Fourteenth Amendment claim against any Defendant.

The Amended Complaint includes a Fourteenth Amendment claim against at least Lucas and Dube, and potentially other Defendants, based on the same allegations asserted in support of Baez' Eighth Amendment claim. *See* ECF No. 86, p. 7. This claim also fails as a matter of law. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998) (citation omitted)); *see also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (holding that Eighth Amendment covered

conditions of confinement claim rather than the Fourteenth Amendment substantive due process clause). Because the Eighth Amendment provides a more specific constitutional protection against the misconduct alleged to have been visited upon Baez, a parallel claim under the Fourteenth Amendment is unavailable. *See Robison v. Sutter*, 2021 WL 6054944, at *6 (W.D. Pa. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 6052112 (W.D. Pa. Dec. 21, 2021).

VI.  Conclusion

Baez' Eighth Amendment claim against Froehlich for alleged deliberate indifference to his serious mental health needs and his Eighth Amendment claim against Bednoro for alleged excessive force survive Defendants' motion to dismiss and shall proceed to the discovery stage of this litigation. All other claims of the Amended Complaint are dismissed with prejudice because the Court is convinced that further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). A separate Order follows.

Entered this 8th day of February, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE