IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| MANUEL BAEZ,<br><br>　　　　Plaintiff<br><br>　vs.<br><br>C/O FROELICH, LT. BEDNORO,<br><br>　　　　Defendants | 1:20-CV-00148-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS<br><br>IN RE: ECF NO. 113 |

Pending before the Court is a motion for sanctions filed by the Plaintiff, Manuel Baez. ECF No. 113. Baez claims that the Defendants failed to retain relevant video footage; that is, video footage of Defendant Froelich providing razors to inmates including Baez. *Id.*, p. 1. In support of his motion, Baez has provided copies of DC-ADM 818, the Automated Inmate Telephone System Procedures Manual (ECF No. 113-1, pp. 1-2) and a copy of a grievance in which he asks that prison personnel "review all camera footage at razor passouts (*sic*) back from January 2020 to March third on RHU pod B (*id.*, p. 3). The Defendants represent that they responded to Baez' grievance and noted the following:

1.　No video footage past March 2, 2020 exists so there was "nothing to review."

2.　An investigation determined that all razors that were issued were returned to staff members with the blades inside the plastic.

3.　Defendant Froehlich was not assigned as the CO who provided razors to inmates on B Pod and that Froehlich denied ever giving Baez a razor.

1

ECF No. 118, p. 2. The Defendants also state that, during the discovery phase of this of litigation, they informed Baez that routine video "is only stored until memory is exhausted and is then recorded over … therefore any video footage he would be requesting no longer exists." *Id.* Additionally, Baez's reliance on DC-ADM 818, Defendants argue, is misplaced because that policy applies only to telephone–not video–recordings. *Id.*

Upon review, Baez' motion is DENIED. First, the record does not support that the nature of the incident or any request by Baez placed Defendants on notice of any need to preserve any video. Second, by Baez' own admission, any video footage is not needed to prove his claim against Defendant Froehlich: "However, I still prove c/o Froelich (sic) PASSED OUT razor on my unit and defense denies." ECF No. 113, p. 1. Third, the Court agrees with the Defendants that Baez' reliance on the DC-ADM 818 is misplaced. That policy only pertains to audio recordings of telephone calls and has now bearing on the recording or preservation of video recordings. *See, e.g., McAnulty v. Mooney*, 2016 WL 4267632, at *6 n.9 (M.D. Pa. July 8, 2016) (citing DC-ADM 818, Automated Inmate Telephone System, at 1-8 (April 25, 2012), available at http://www.cor.pa.gov/Administration/General% 20Information/Documents/DOC% 20Policies/818% 20Automated% 20Inmate% 20Telephone% 20System.pdf). Finally, Baez' conclusory allegations of spoliation or withholding of evidence are insufficient to establish the requisite intentional suppression or withholding of evidence in bad faith, which is "pivotal to a spoliation determination." *Talley v. Harper*, No. 20-1166, 2022 WL 1499281, at *2 (3d Cir. May 12, 2022) (citing *Bull v. UPS*, 665 F.3d 68, 79 (3d Cir. 2012)).

Accordingly, Baez' motion for sanctions is **DENIED**.

DATED this 1st day of August, 2022.

                    BY THE COURT:

                    _____
                    RICHARD A. LANZILLO
                    UNITED STATES MAGISTRATE JUDGE